**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

May 12, 2015

LETTER TO COUNSEL

RE: *Milford Elsey v. Commissioner*, *Social Security Administration*;
Civil No. SAG-14-2457

Dear Counsel:

On August 1, 2014, Plaintiff Milford Elsey petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Mr. Elsey's reply memorandum. (ECF Nos. 19, 22, 23). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Elsey's motion, grant the Commissioner's motion, and affirm the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Elsey protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on May 9, 2011. (Tr. 174-75, 354-62). He alleged a disability onset date of November 27, 2007. (Tr. 354, 356). His claims were denied initially and on reconsideration. (Tr. 248-55, 258-63). Two hearings were held on June 12, 2013, and December 16, 2013, before an Administrative Law Judge ("ALJ").[1] (Tr. 51-111). Following the hearings, the ALJ determined that Mr. Elsey was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 32-50). The Appeals Council denied Mr. Elsey's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Elsey suffered from the severe impairments of degenerative disc disease and schizoaffective disorder, bipolar type. (Tr. 37). Despite these impairments, the ALJ determined that Mr. Elsey retained the residual functional capacity ("RFC") to:

---

[1] At the first hearing, the ALJ acknowledged that the record did not contain enough medical evidence for the ALJ to make a determination, and that it was thus necessary to obtain an additional psychological consultative examination. (Tr. 77, 108); *see* 20 C.F.R. §§ 404.1519a, 416.919a. Once the additional evidence was added to the record, the ALJ held a supplemental hearing to rule on Mr. Elsey's objections to the consultative examination, and to obtain additional testimony from the vocational expert. (Tr. 54).

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except occasional climbing of ladders, ropes or scaffolds; frequent climbing of stairs or ramps; occasional stooping; crouching, kneeling or crawling. Work limited to simple routine, repetitive tasks with occasional interaction with the public, co-workers and supervisors; few if any changes in the work place and occasional decision-making.

(Tr. 39). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Elsey could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 44-45).

Mr. Elsey raises four arguments on appeal: (1) that the ALJ erred by failing to discuss the records from his treatment at Clifton T. Perkins Hospital Center; (2) that the ALJ erred by failing to discuss his anxiety, personality, and intermittent explosive disorders; (3) that the ALJ erred by not altering the hypothetical she posed at the second hearing, from that she posed at the first hearing, given the additional medical evidence added to the record in the interim; and (4) that the Appeals Council ("AC") erred in determining that the additional evidence Mr. Elsey submitted to it did not pertain to the relevant period. Each argument lacks merit and is addressed below.

First, Mr. Elsey claims that the ALJ should have discussed the two discharge summaries he submitted, pertaining treatment he received at Clifton T. Perkins Hospital Center ("Perkins") between 1978 and 1983. The Commissioner is instructed to review and consider all of the evidence in a claimant's case record. 20 C.F.R. §§ 404.1520(a)(3), 404.1520b, 416.920(a)(3), 416.920b. However, while the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(2), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Notably, Mr. Elsey has not argued how he was prejudiced by the ALJ's failure to discuss the records from Perkins. After reviewing the records, I cannot ascertain how they have any bearing on his claims, which allege an onset of disability nearly 24 years after his discharge from Perkins. Accordingly, I find that the ALJ did not err by failing to explicitly discuss the records from Perkins. *See Johnson v. Comm'r Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008) (holding that the ALJ was entitled to overlook evidence that "was neither pertinent, relevant, nor probative" because it did not relate to the relevant time period).

Next, Mr. Elsey argues that the ALJ erred by failing to classify his anxiety-related, personality, and intermittent explosive disorders as severe impairments at step two of the sequential evaluation. Step two involves a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to

consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.* Although the ALJ did not assess whether Mr. Elsey's anxiety, personality, and intermittent explosive disorders constituted severe impairments at step two of the sequential evaluation, Mr. Elsey has once again failed to show how he was prejudiced by the ALJ's failure. The ALJ determined that Mr. Elsey suffered from other severe impairments, and in assessing Mr. Elsey's RFC, she discussed Mr. Elsey's allegations with respect to his alleged anxiety-related, personality, and intermittent explosive disorders. (Tr. 40) ("The claimant alleges that his ability to work is limited because of . . . post-traumatic stress disorder.") ("He testified that he experiences violent behavior relapses . . . he physically attacked an elderly man."). Similarly, the ALJ discussed Mr. Elsey's physicians' notes diagnosing the disorders. (Tr. 43) (listing Dr. Ansel's diagnoses, including "unspecified anxiety disorder," "intermittent explosive disorder," and "other specified personality disorder with paranoid and antisocial features"). Finally, the ALJ's RFC assessment limited Mr. Elsey to only "occasional interaction with the public, co-workers, and supervisors," and imposing "few if any changes in the work place," and only "occasional decision-making." (Tr. 39). The limitations imposed by the ALJ are related to Mr. Elsey's difficulties in interacting socially and dealing with stress. Accordingly, I find that the ALJ's failure to determine, at step two, whether Mr. Elsey's anxiety-related, personality, and intermittent explosive disorders were severe was harmless error.

Mr. Elsey also argues that remand is required because the hypothetical the ALJ posed to the VE at the second hearing was the same as the hypothetical posed at the initial hearing. However, Mr. Elsey has not cited any authority supporting his argument, nor has he shown how the evidence added to the record between the two hearings necessitated a change in the ALJ's hypothetical—or the corresponding RFC assessment. The only issue Mr. Elsey takes with the ALJ's RFC assessment is the discrepancy between her assignment of "great weight" to the opinions of the State agency psychological consultants, and her failure to include in the RFC assessment each limitation included therein.[2] Great weight, however, is not controlling weight, and the ALJ is not required to adopt every limitation set forth in a medical opinion, simply because she assigns it great weight. Moreover, only one of the State agency consultants opined that Mr. Elsey should avoid contact with the general public. (Tr. 219). The other State agency consultant opined that Mr. Elsey is "limited in dealing with the general public to intermittent contact only," which is consistent with the ALJ's RFC assessment limiting Mr. Elsey to "occasional interaction with the public." *Compare* (Tr. 184), *with* (Tr. 39). Accordingly, I find that the ALJ provided substantial evidence in support of her RFC assessment.

Finally, Mr. Elsey contends that the AC erred in determining that the additional evidence he submitted from his therapist, Ms. Speare, and his treating psychiatrist, Dr. Smith, was about a "later time," and did not affect the decision about whether he was disabled prior to the date of the ALJ's decision. The AC must review additional evidence if it is "(a) new, (b) material, and (c)

---

[2] Interestingly, this discrepancy seems to bear no meaningful relation to Mr. Elsey's argument concerning the hypothetical, since the opinion of the State agency psychological consultant to which Mr. Elsey refers was issued prior to his initial hearing. *Compare* (Tr. 70), *with* (Tr. 219-20).

relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). Mr. Elsey's reliance upon the Fourth Circuit's decision in *Meyer v. Astrue*, in support of his argument, is misplaced. 662 F.3d 700 (4th Cir. 2011). In *Meyer*, the Fourth Circuit did not need to determine whether the evidence was "new and material," as the Commissioner had conceded the issue. *Id.* at 705. Thus, the Fourth Circuit's only determination was whether, in light of the fact that the additional evidence had been incorporated in the record, the ALJ's decision was supported by substantial evidence. *Id.* at 706-07. In this case, however, the AC did not incorporate the additional evidence into the record because it determined that the evidence did not relate to the relevant time. I have reviewed the additional evidence, and I find no error in the AC's determination. The evidence includes a letter from Mr. Elsey's treating therapist, Ms. Speare, reflecting that a diagnosis of Post Traumatic Stress Disorder had been added to Mr. Elsey's initial diagnosis. The corresponding treatment notes reflect that the diagnosis was made in April 2014 by Mr. Elsey's psychiatrist, Dr. Smith. Dr. Smith's diagnosis, however, does not indicate that it relates to the relevant time period. Accordingly, I find no basis for disturbing the AC's finding that the additional evidence was about a "later time."

In his reply memorandum, Mr. Elsey notes the Fourth Circuit's recent decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), arguing that it requires remand for two additional reasons. Mr. Elsey argues that pursuant to *Mascio*, the ALJ committed reversible error, because the limitation in her RFC assessment to simple work "has nothing to do with a moderate ability to function socially." *Id.* at 638 (holding that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.") (internal quotation marks omitted). Mr. Elsey may well be correct that a limitation to simple work does not account for difficulties in social functioning. However, I need not make that determination, since the ALJ's RFC assessment also included a limitation to "occasional interaction with the public, co-workers and supervisors," (Tr. 39), which clearly does account for his difficulties with social functioning.

Mr. Elsey also claims that, pursuant to *Mascio*, the ALJ's opinion was deficient because it did not contain a function-by-function analysis of his ability to perform work related mental activities—particularly his ability to understand, carry out, and remember simple instructions, and his ability to use judgment in making work-related decisions. *See id.* at 636 (rejecting "a *per se* rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," and instead holding that remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions.") (quoting *Cichocki v. Astrue*, 729 F.2d 172, 177 (2d Cir. 2013)). However, with respect to the ability to use judgment in making work-related decisions, the ALJ clearly considered this function, as she limited Mr. Elsey to only "occasional decision-making." Similarly, with respect to his ability to understand, carry out, and remember simple instructions, the ALJ made multiple references to Mr. Elsey's own reports that he is able to follow written instructions. (Tr. 42). While the ALJ's opinion might not be a model of function-by-function analysis, it is apparent that the ALJ considered each of the relevant functions pertinent to Mr. Elsey's ability to perform work-related mental activities. Thus, neither of Mr. Elsey's arguments based upon the Fourth Circuit's opinion in *Mascio* is persuasive.

For the reasons set forth herein, Mr. Elsey's Motion for Summary Judgment (ECF No. 19) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 22) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge